UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRUP DAVE,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF SACRAMENTO,<br><br>   Defendant. | No. 2:13-cv-1748-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On September 3, 2013, defendant filed a motion to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim.[1]  ECF No. 5.  Defendant noticed the hearing on that motion for October 9, 2013.  *Id*.  Defendant subsequently filed a motion to continue the hearing date to October 30, 2013, which the court granted.  ECF Nos. 7, 8.

Accordingly, plaintiff was required to file an opposition to the motion, or a statement of non-opposition thereto, on or before October 16, 2013.  E.D. Cal. L.R. 230(c).  Plaintiff failed to file an opposition or statement of non-opposition by that date.  Therefore, on October 23, 2013, plaintiff was ordered to show cause, in writing, no later than November 6, 2013, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.  ECF No. 9.  Hearing on defendant's motion to dismiss was continued to

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

November 20, 2013, and plaintiff was ordered to file an opposition or a statement of non-opposition to defendant's motion to dismiss no later than November 6, 2013.  The order admonished plaintiff that "[f]ailure of plaintiff to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules."  *Id*.

Although the deadline has passed, plaintiff has not filed a response to the order to show cause, nor has he filed an opposition or statement of non-opposition to defendant's motion to dismiss.[2]  Accordingly, the court deems plaintiff's failure to respond as a waiver of opposition to the motion.  Moreover, the defendant's motion appears to have merit.  The complaint is devoid of any factual allegations that could state a cognizable claim or establish that this court has jurisdiction over the present dispute.  ECF No. 1; *see* 28 U.S.C. §§ 1331 & 1332.

Accordingly, it is hereby ORDERED that the November 20, 2013 hearing on defendant's motion to dismiss, ECF No. 5, is vacated.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), ECF No. 5, be granted; and alternatively,

2. That this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action and to comply with court orders and Local Rules; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

---

[2] This fact alone warrants dismissal of this action for failure to prosecute and failure to comply with court orders.  *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.

1  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated:  November 19, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE